UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>DARYL A. GRENINGER AND NICHOLE L. GRENINGER and D&N FARMS PARTNERSHIP,<br><br>     Debtors. | Lead Case No. 19-02684-FPC12<br>Jointly Administered<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

THIS MATTER having come before the above-entitled court for confirmation of the Debtors' First Modified Chapter 12 Plan of Reorganization, such confirmation hearing was held by telephone conference on November 18, 2020, and the court having read the Declaration of Daryl Greninger and having reviewed the First Modified Chapter 12 Plan of Reorganization and the court having heard the arguments of counsel, makes the following

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 1

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Daryl and Nichole Greninger filed their Chapter 12 bankruptcy on October 15, 2019 under case number 19-02684-FPC12. Daryl and Nichole are the sole owners of D&N Farms Partnership, which itself filed Chapter 12 bankruptcy on January 27, 2020 under case number 20-00163-FPC12. The two bankruptcy proceedings were administratively consolidated by court order on March 4, 2020 under lead case number 19-02684-FPC12.

2. The Debtors filed their Chapter 12 Plan on April 15, 2020 and served it on all parties in interest on April 16, 2020.

3. All creditors were given proper notice of Debtors' Chapter 12 Plan of Reorganization.

4. The Debtors received objections to the Chapter 12 Plan from creditors Boulder Park, Inc., Numerica Credit Union, Quicken Loans, Inc., North Cascades Bank, and DJ Thomsen LLC.

5. The Debtors subsequently filed their First Modified Chapter 12 Plan of Reorganization on October 16, 2020, which was served on all parties in interest on October 16, 2020.

6. All creditors were given proper notice of the Debtors' First Modified Chapter 12 Plan of Reorganization.

7. The Debtors received objections to their First Modified Chapter 12 Plan of Reorganization from creditors DJ Thomsen LLC and Boulder Park, Inc.

8. The First Modified Chapter 12 Plan of Reorganization, amended as follows by the Order Confirming Plan, resolved all outstanding objections to the Debtors' First Modified Chapter 12 Plan of Reorganization:

    a. The following provision shall be stricken: Page 4, lines 16 through 18, which read "Any creditor not deemed fully secured by this Plan must move for valuation to prove

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 2

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-02684-FPC12    Doc 368    Filed 11/24/20    Entered 11/24/20 15:24:48    Pg 2 of 8

up an unsecured claim prior to confirmation of the Plan or such creditor will be deemed fully and completely satisfied and shall have no unsecured claim."

  b. Page 15, line 12 and Page 23, line 5 reference that the adversary lawsuit has been dismissed, which reference shall be stricken.

  c. Page 23, Line 22 provides for an interest rate of 5.5% regarding the remaining settlement amount owed to DJ Thomsen, LLC, David A. Thomsen, and Jeanne Thomsen (collectively "Thomsen"). That interest rate should instead read 5.556%.

  d. Page 26, Lines 23-24 is hereby revised to read: "Pursuant to the Order Approving Sale of no-till drill entered by the court on August 28, 2020 [ECF 295], the no-till drill was sold to Thomsen and the claim of Deere and Co. was paid in full."

  e. Debtors' budget at Exhibit A currently shows payments to Thomsen in the amount of $27,162, which amount is hereby changed to $27,238.62.

  f. Notwithstanding any provision to the contrary, the terms of the Settlement Agreement entered in adversary proceeding 20-80011-WLH and the Order Granting Motion to Approve Settlement Agreement [ECF 299] are fully incorporated into the Plan. To the extent any terms in the Plan, and/or Stipulation re NCB Plan Provisions attached to the Plan as Exhibit D, differ from the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

  g. The following additional provision shall be added to the treatment of Class IX creditor, DJ Thomsen LLC:

    i. During the life of the Plan, the Chapter 12 Trustee shall continue to receive the Debtors' government payments arising from the Debtors' participation in the Federal Conserve Program (CRP) and Open Space Conservation Program (CFP). The Chapter 12 Trustee and Debtors shall recognize, pursuant to the terms of the Settlement Agreement, that DJ Thomsen LLC has a properly perfected security interest in all current and future government contracts,

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 3

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-02684-FPC12  Doc 368  Filed 11/24/20  Entered 11/24/20 15:24:48  Pg 3 of 8

including, but not limited to the Debtors' CRP payments, CRS payments, and CFP payments and proceeds of crop insurance (collectively "Government Payments"), and that no additional actions are required for DJ Thomsen LLC to attach or perfect its security interest in those Government Payments.

    ii.    Until the claim of Thomsen is paid in full, and during the life of the Chapter 12 plan, prior to December 1st of each year, Debtors shall execute and deliver to the Chapter 12 Trustee Assignment and Indemnity forms as may be required for Government Payments for the following year. In the event the Chapter 12 case is dismissed or converted to another case, until the claim of Thomsen is paid in full, prior to December 1st of each year, Debtors shall execute and deliver to DJ Thomsen, LLC the Assignment and Indemnity forms as may be required for Government Payments for the following year, unless the court orders otherwise.

    iii.    During the life of the Chapter 12 plan, should DJ Thomsen LLC notify the Chapter 12 Trustee of any default by Debtor in plan payments to DJ Thomsen LLC, the Chapter 12 Trustee shall not distribute any Government Payments then in his possession, or subsequently collected, until the alleged default is cured or upon further order of the court, whichever occurs first.

    iv.    During the life of the Chapter 12 plan, if Debtors are in default in their payments to DJ Thomsen, LLC, after DJ Thomsen, LLC gives the Debtors and the Chapter 12 Trustee a ten (10) day written notice of default and Debtors having failed to cure the default, DJ Thomsen, LLC shall be entitled to seek an order from the court for relief from the automatic stay, pursuant to 11 U.S.C. §362, to file the appropriate forms, and DJ Thomsen LLC shall be entitled to an emergency hearing on its motion for relief from the automatic stay on five (5) days' notice following the ten (10) day period for the Debtors to cure any alleged default.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-02684-FPC12   Doc 368   Filed 11/24/20   Entered 11/24/20 15:24:48   Pg 4 of 8

v. In the event the Chapter 12 case is dismissed or converted to another case, the Chapter 12 Trustee shall deliver the Assignment or Indemnity forms to DJ Thomsen LLC, unless the court orders otherwise.

vi. If Debtors are in default in their payments to DJ Thomsen LLC and the Debtors Chapter 12 case has been converted to another bankruptcy case, after DJ Thomsen, LLC gives the Debtors a ten (10) day written notice of default and Debtors having failed to cure the default, DJ Thomsen, LLC shall be entitled to seek an order from the court for relief from the automatic stay, pursuant to 11 U.S.C. §362, to file the appropriate forms, and DJ Thomsen LLC shall be entitled to an emergency hearing on its motion for relief from the automatic stay on five (5) days' notice following the ten (10) day period for the Debtors to cure any alleged default.

vii. If the Debtors are in default following a dismissal of any pending bankruptcy proceeding, after DJ Thomsen, LLC gives the Debtors a ten (10) day written notice of default and Debtors having failed to cure the default, DJ Thomsen, LLC shall be entitled to file appropriate forms, but only as to the amount due, and pursue the remedies of a secured creditor under state law.

viii. These provisions in this paragraph g of the order shall survive the entry of any order of the bankruptcy court (a) converting the Chapter 12 Bankruptcy Proceeding to another Chapter under Title 11 of the Bankruptcy Code; (b) an Order of Dismissal; (c) pursuant to which the Bankruptcy Court abstains from hearing the case; or (d) the appointment of any other trustee.

h. In order to resolve the objection to the First Modified Chapter 12 Plan of Reorganization filed by creditor Boulder Park, Inc. ("BPI") [ECF 349], Debtors shall pay BPI the remaining balance of BPI's claim in the amount of $3,732.29 on or before the 10th day following the Effective Date of the Plan.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 5

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-02684-FPC12    Doc 368    Filed 11/24/20    Entered 11/24/20 15:24:48    Pg 5 of 8

i. The following additional provision shall be added to the treatment of Class IV creditor, Quicken Loans, Inc.: Quicken Loans, Inc. Limited Objection [ECF No. 223] has been resolved. The Debtors are current with their monthly loan payments. However, Quicken shall receive, on or before the 10th day following the Effective Date of the Debtors' Chapter 12 Plan the amount of $1,475 in satisfaction of fees and costs incurred by Quicken during the Debtors' bankruptcy proceeding.

j. The provisions of page 7, lines 25-26, and Page 8, lines 1 through 10 of the NCB Stipulation shall not apply to Thomsen. NCB shall be required to provide notice to Thomsen and comply with any and all state law foreclosure procedures as it relates to Thomsen.

k. On or before January 10, 2021, the Debtors shall pay Farm Credit Services of America PCA and AgDirect ("FCS") $5,000 towards its outstanding claim. After receipt of that payment, the outstanding balance for the FCS claim will be $16,564.36 which amount shall be fully paid on or before November 1, 2021. If the balance is not timely paid, the payoff amount will increase (FCS will be entitled to receive additional interest, attorneys' fees and costs). Nothing herein shall preclude the Debtors from making earlier payment(s) on the outstanding balance for the FCS claim, including via the sale or refinance of FCS's collateral. Nothing herein shall preclude FCS from exercising its rights in the FCS collateral if the FCS outstanding balance is not timely and fully paid.

9. Debtors' budget projections attached to the First Modified Chapter 12 Plan of Reorganization indicate the plan is feasible and the Debtors will be able to make their payments as set forth in the plan.

10. The First Modified Chapter 12 Plan of Reorganization complies with the provisions of the Bankruptcy Code.

11. All fees, charges, or amounts required to be paid under Title 28 U.S.C. §§ 1911 et. seq., the plan, to be paid before confirmation, has been paid.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 6

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-02684-FPC12    Doc 368    Filed 11/24/20    Entered 11/24/20 15:24:48    Pg 6 of 8

12. The Debtors First Modified Chapter 12 Plan proposes to pay all unsecured creditors in full over 5 years. Sufficient cause exists to allow the Debtors to extend their plan from 3 to 5 years because it will ensure unsecured creditors are paid in full. As such the property to be distributed under the plan on account of each allowed unsecured claim is not less that the amount that would be paid on such claim if the estate of the Debtors were liquidated under Chapter 7 of the Bankruptcy Code.

13. The owners of allowed secured claims have accepted the First Modified Chapter 12 Plan of Reorganization, the plan provides that the holders of secured claims shall retain their liens and the payments to such creditors is not less that the allowed amount of their claims.

14. The Chapter 12 Trustee will receive compensation pursuant to 28 U.S.C. § 586(e)(1)(B)(ii).

15. The First Modified Chapter 12 Plan of Reorganization has been proposed in good faith and not by means forbidden by law.

/ / / END OF ORDER / / /

Presented by:

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
Attorneys for Debtors


BY: /s/ John W. O'Leary
    WILLIAM L. HAMES, WSBA #12193
    JOHN W. O'LEARY, WSBA #33004

Approved by:

CHAPTER 12 TRUSTEE

BY: /s/ Ford Elsaesser (w/permission)
    FORD ELSAESSER

SOUTHWELL & O'ROURKE PS
Attorneys for David Thomsen, Jeanne Thomsen
and DJ Thomsen, LLC

BY: /s/ Kevin O'Rourke (w/permission)
    KEVIN O'ROURKE, WSBA #28912

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 7

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-02684-FPC12    Doc 368    Filed 11/24/20    Entered 11/24/20 15:24:48    Pg 7 of 8

OGDEN MURPHY WALLACE, P.L.L.C.
Attorneys for Washington Trust Bank

BY: /s/ *William F. Malaier, Jr.* (w/permission)
    WILLIAM F. MALAIER, JR., WSBA # 34152

PAUKERT & TROPPMANN, PLLC
Attorneys for Leroy & Cindy Thomsen and
    Boulder Park Inc.

BY: /s/ *Michael J. Paukert* (w/permission)
    MICHAEL JOHN PAUKERT, WSBA #20237

ALDRIDGE PITE, LLP
Attorneys for Quicken Loans, Inc.

BY: /s/ *Lesley D. Bohleber* (w/permission)
    LESLEY D. BOHLEBER, WSBA 49150

WILLIAMS KASTNER
Attorneys for Farm Credit Services of America PCA and AgDirect

BY: /s/ *Shawn B. Rediger* (w/permission)
    SHAWN B. REDIGER, WSBA 26425

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 8

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-02684-FPC12   Doc 368   Filed 11/24/20   Entered 11/24/20 15:24:48   Pg 8 of 8